UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JANE DOE,

                Plaintiff,

-against-

RELATED COMPANIES, LLP, STEPHEN M. ROSS, BRUCE BEAL, JR., JEFF T. BLAU, KENNETH WONG, MICHAEL HARRINGTON, BONITA CHUNG, MICHAEL HILLIER, IVAN MARCHUK, LATYSHIA JOHNSON, ALEXIS POLANCO, ANGEL CORTES, BRIDGELAND WEST, LLC, TAHIR DOMI, ATHANASIOS TOM GIALABOUKIS, EVERTON LEE, and RYAMEL CAPERS,

                Defendants.

**ORDER**

23 Civ. 3051 (PGG)

---

PAUL G. GARDEPHE, U.S.D.J.:

        Pro se Plaintiff Jane Doe lives in a residential apartment building in Manhattan managed by Defendants Bridgeland West, LLC ("Bridgeland") and Related Companies, LLP ("Related"), and she alleges that she has been subjected to a hostile housing environment. Plaintiff asserts claims against Bridgeland, Related, individual executives and employees, a building resident, and an owner of a nearby restaurant for violations of the Fair Housing Act, 42 U.S.C. §§ 3601-31. (Cmplt. (Dkt. No. 1)) For the reasons stated below, this action will be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

## BACKGROUND

        On June 16, 2023, this Court directed Plaintiff to show cause by July 17, 2023, why her case should not be dismissed for failure to (1) name "all the parties" in the caption of the Complaint, pursuant to Fed. R. Civ. P. Rule 10(a); and (2) state a claim "that is plausible on its

face," pursuant to Fed. R. Civ. P. 8. (June 16, 2023 Order (Dkt. No. 12) at 2-4)[1] In the show cause order, this Court noted that (1) Plaintiff had not sought leave to proceed under a pseudonym; and (2) the Complaint did not include factual allegations as to four of the named Defendants. (Id. at 2-3) This Court directed Plaintiff to "make a submission demonstrating why (1) she should be permitted to proceed anonymously in this action; and (2) her claims against [four Defendants] should not be dismissed for failure to state a claim." (Id. at 4) The Court warned Plaintiff that if she did "**not make the required submission by July 17, 2023, her claims may be dismissed for failure to prosecute, either in whole or in part.**" (Id.) (emphasis in original)

On June 21, 2023, the Clerk of Court mailed the show cause order to Plaintiff at the address provided in the Complaint. (June 21, 2023 Minute Entry (Docket Report for 23 Civ. 3051)) To date, Plaintiff has not responded in any fashion to the June 16, 2023 show cause order.

## DISCUSSION

Rule 41(b) provides that an action may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order." Fed. R. Civ. P. 41(b). "Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte." Williams v. Wellness Med. Care, P.C., No. 11 Civ. 5566 (KMK), 2013 WL 5420985, at *7 (S.D.N.Y. Sept. 27, 2013) (citing LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001)); see also Funes v. City of New York, No. 18 Civ. 9558 (JMF), 2021 WL 962942, at *1 (S.D.N.Y. Jan. 7, 2021) (acknowledging that

---

[1] The page numbers of documents referenced in this Order correspond to the page numbers designated by this District's Electronic Case Files ("ECF") system.

sua sponte dismissals for failure to prosecute are "'necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts'") (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962)).

In considering a Rule 41(b) dismissal, courts weigh five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam) (internal citations and quotation marks omitted). "No single factor is generally dispositive." Id. (citing Nita v. Conn. Dep't of Env't Prot., 16 F.3d 482, 485 (2d Cir. 1994)).

As to the first factor, this Court considers "(1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration." U.S. ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 255 (2d Cir. 2004) ("The first factor to be examined [to dismiss for failure to prosecute] breaks down into two parts.") (citing Martens v. Thomann, 273 F.3d 159, 180 (2d Cir. 2001)). Here, the Complaint was filed on April 12, 2023, and twelve of the named Defendants have yet not been served. (Docket Report for 23 Civ. 3051)

On June 16, 2023, this Court directed Plaintiff to show cause – by July 17, 2023 – why her case should not be dismissed for failure to name all parties and to state a claim. (June 16, 2023 Order (Dkt. No. 12) at 4) That deadline passed six months ago with no response from Plaintiff. Accordingly, the first factor strongly supports a Rule 41(b) dismissal. See West v. Glenbrook Farms Herbs & Such, Inc., No. 20 Civ. 3777 (RA), 2020 WL 5646425, at *2 (S.D.N.Y. Sept. 22, 2020) (describing a four-month period of non-compliance with a court's order as "significant"); Smalls v. Bank of New York, No. 05 Civ. 8474 (DC), 2008 WL

3

1883998, at *4 (S.D.N.Y. Apr. 29, 2008) (dismissing an action under Rule 41(b) where "there has been no activity in this case or communication from plaintiff[] for nearly two months").

As to the second factor, "[t]he question . . . is whether [Plaintiff] received notice 'that further delays would result in dismissal.'" U.S. ex rel. Drake, 375 F.3d at 255 (quoting Martens, 273 F.3d at 180). In the June 16, 2023 show cause order, this Court warned Plaintiff that if she did **"not make the required submission by July 17, 2023, her claims may be dismissed for failure to prosecute."** (See June 16, 2023 Order (Dkt. No. 12) at 4) (emphasis in original) Accordingly, the second factor also favors a Rule 41(b) dismissal.

As to the third factor, this Court "can presume that the defendants have been prejudiced and will continue to be by further delay where[,] as here[,] the plaintiff has already been unresponsive for a long period of time." Beauford v. Doe #1, No. 04 Civ. 7533 (JGK), 2007 WL 549432, at *1 (S.D.N.Y. Feb. 16, 2017) (citing Lukensow v. Harley Cars, 124 F.R.D. 64, 67 (S.D.N.Y. 1989)). Defendants "should not be forced to bear the expense of defending a lawsuit when the plaintiff has shown little or no interest in pursuing that lawsuit." Antonios A. Alevizopoulos & Assocs., Inc. v. Comcast Int'l Holdings, Inc., No. 99 Civ. 9311 (SAS), 2000 WL 1677984, at *3 (S.D.N.Y. Nov. 8, 2000).

As to the fourth factor, this Court has considered "the balance between district court calendar congestion and the plaintiff's right to an opportunity to be heard." U.S. ex rel. Drake, 375 F.3d at 257 (citing Martens, 273 F.3d at 182). Here, Plaintiff has not communicated with this Court for more than six months, and has not responded in any fashion to the show cause order. In sum, Plaintiff has had an opportunity to pursue her case, but she has elected not to do so. The fourth factor thus also weighs in favor of dismissal.

Finally, this Court has considered whether a "less drastic" sanction than dismissal is appropriate. Baptiste, 768 F.3d at 216. Given that Plaintiff has ignored the Court's show cause order for more than six months – despite the Court's warning that a failure to respond might lead to dismissal – there is no reason to believe that a lesser sanction than dismissal would be effective. See Ctr. for Monitoring Impact of Peace, Inc. v. Ctr. for Monitoring Impact of Peace, R.A., No. 06 Civ. 2390 (LAP), 2010 WL 3958823, at *3 (S.D.N.Y. Sept. 24, 2010) (dismissing where there was "no reason to suspect that Plaintiff would be responsive if lesser sanctions [than dismissal] were imposed").

Viewing the record as a whole, and having considered each of the relevant factors, the Court concludes that dismissal is an appropriate sanction at this time.

## CONCLUSION

For the reasons stated above, this action is dismissed without prejudice for failure to prosecute. The Clerk of Court is directed to mail a copy of this order to the address that Plaintiff provided in the Complaint (Dkt. No. 1), and to close this case.

Dated: New York, New York
January 19, 2024

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge